**Affirmed and Memorandum Opinion filed February 28, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00436-CV

---

### DONNA JOANN TORRES, Appellant

### V.

### FRANK ROLON TORRES, Appellee

---

**On Appeal from the 387th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 10-DCV-183759**

---

## M E M O R A N D U M   O P I N I O N

In this appeal from an agreed final decree of divorce, appellant Donna Joann Torres asserts that the trial court erred by denying her motion for new trial. Specifically, she alleges that appellee Frank Rolon Torres defrauded her by failing to disclose during mediation his intention to seek to "transform" his military retirement benefits into VA disability benefits. We affirm.

# BACKGROUND

In 2010, Donna filed for divorce from Frank. Frank filed an answer and counter-petition later that year. The parties attended mediation, represented by counsel, in January 2012. Following mediation, Donna and Frank entered into a Non Revocable Settlement Agreement, pursuant to section 154.071 of the Texas Civil Practice & Remedies Code and section 6.60 of the Texas Family Code (the "settlement agreement"). The settlement agreement specifically provided as follows regarding Frank's Military Retirement:

> Wife is award[ed] 40% of the community portion of husband's disposable military retired pay (wife's portion of disposable retired pay is an amount after a pro-rata reduction for any amount of husband's military retirement determined to be a [Veteran's Administration] disability benefit and after a pro-rate reduction for any repayment of a [Special Separation Benefit] previously received by the parties during marriage).[1]

The agreed final decree of divorce, signed by both parties and their counsel, incorporated the terms of this portion of the settlement agreement into the property division. The divorce was rendered on January 20, 2012, but signed on February 8, 2012.

About a week after the divorce papers were signed, Frank sent a vague email to Donna indicating that she would only be getting a percentage of "zero." On February 17, 2012, he sent another email to her that "more financial surprises" would be coming her way. In early March, he sent an email to her stating, "Good news, the VA says that with all my various body damage, I should be able to eventually get a 100% disability rating. But don't worry, you'll still get your 29.8% percent [sic] of zero." That same day, he sent her a text message, stating

---

[1] Frank's military retirement benefits were detailed in "Exhibit B" attached to the settlement agreement, which appears to be initialed by Donna.

that he was "[o]ff to the VA, working on disability now. Be nice to convert all [his] retirement into disability."

On March 12, 2012, Donna filed a motion for new trial or motion to modify, correct, or reform the agreed final divorce decree. In this motion, Donna asserted that the language excerpted above from the settlement agreement "significantly alters" the agreement between her and Frank. She stated she was unaware that the language in the settlement agreement, which was incorporated into the agreed final decree of divorce, allowed Frank to "not only significantly reduce the amount of the military retired pay awarded to [her], but potentially reduce the amount of military retired pay awarded to [her] to zero." She claimed that during the mediation process she had no knowledge or any reason to know that Frank had the ability to reduce his military retired pay by qualifying for and electing to take Veteran's Administration ("VA") disability benefits in lieu of his military retired pay or reduce his military retired pay for any repayment of a Special Separation Benefit ("SSB") received. Donna asserted that Frank fraudulently induced her to enter into the settlement agreement.

The trial court heard Donna's motion for new trial on April 5, 2012. Donna testified that no one explained to her what the language in the clause regarding Frank's military retirement benefits meant. She explained her recent discovery that if Frank were able to convert his military retirement benefits into VA disability benefits, she would not receive any portion of them. Donna stated, "I feel like I'm getting gypped out of whatever his percentage from the V.A. would be."

Donna acknowledged that she attended the mediation with counsel, she reviewed the settlement agreement before signing it, and that there are no inconsistencies between the settlement agreement and the final divorce decree. She agreed that, at the time that the settlement agreement was entered into, she was

given forty percent of Frank's community portion of his disposable retired pay *after* a pro rata reduction for any amount of his military retirement *determined to be a* VA disability benefit. Her complaint was that she believed that any disability benefit that Frank might be entitled through the VA would be concurrent with his military retirement and would not impact her portion of the community estate.

After hearing her testimony, the trial court denied her motion for new trial. This appeal timely ensued.

## ANALYSIS

In a single issue, Donna asserts that the trial court erred by denying her motion for new trial. We review a trial court's denial of a motion for new trial for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). A mediated settlement agreement meeting the requirements of Texas Family Code section 6.602, as the settlement agreement here does, must be enforced unless, as is relevant here, it was procured by fraud. *In re Joyner*, 196 S.W.3d 883, 889–90 (Tex. App.—Texarkana 2006, pet. denied); *Boyd v. Boyd*, 67 S.W.3d 398, 403 (Tex. App.—Fort Worth 2002, no pet.).

As discussed above, Donna's motion for new trial rests on her claim that Frank fraudulently induced her to enter the settlement agreement by failing to disclose that he intended to attempt to reclassify his military retirement benefits as VA disability benefits. Specifically, Donna asserts that Frank committed fraud by nondisclosure; *i.e.*, Frank failed to disclose to Donna that "he had the ability to convert [his military retirement] benefits to disability." But the settlement agreement clearly states that Donna's forty percent award of the community portion of Frank's disposable military retirement pay consists of "an amount *after* a pro-rata *reduction* for any amount of [Frank]'s military retirement *determined to be a VA disability benefit.*" (emphasis added).

4

Both Donna and Frank were represented by counsel during mediation and when they signed this irrevocable settlement agreement. Donna had the opportunity to question her counsel about the legal ramifications of this language prior to signing the settlement agreement; Frank, as her adversary, had no duty to explain the "law" to her. *Cf. Toles v. Toles*, 113 S.W.3d 899, 916–18 (Tex. App.—Dallas 2003, no pet.) (affirming summary judgment dismissing negligence and fraud claims because no duty existed between spouses in contested divorce proceedings where each spouse was represented by counsel). In fact, the very information that Donna complains that Frank failed to disclose to her actually was disclosed in the language of the settlement agreement.[2]

The trial court did not abuse its discretion in denying Donna's motion for new trial. We overrule her sole issue.

## CONCLUSION

Having overruled Donna's issue, we affirm the trial court's judgment.

/s/    Adele Hedges
Chief Justice

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

---

[2] Donna relies on *Boyd v. Boyd* to support her fraud-by-nondisclosure argument. 67 S.W.3d 398, 404–506 (Tex. App.—Fort Worth 2002, no pet.). In *Boyd*, the husband failed to disclose substantial community assets, including monetary bonuses he earned during the marriage but failed to disclose during mediation. *Id.* at 403. Here, there was no nondisclosure of material information; instead, Donna purportedly did not understand the legal ramifications of the disclosure made. Thus, Donna's reliance on *Boyd* is unavailing.